IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONNIE M. GODDARD, LUKE GODDARD, and G. CHRISTOPHER GODDARD,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>RONNIE F. CASTLE,<br><br>　　　　　Defendant. | 7:14CV5004<br><br>ORDER |

IT IS ORDERED:

1. A settlement conference will be held before the undersigned magistrate judge with counsel and the parties on June 9, 2017, beginning at **1:00 p.m.** at the Waite, McWha Law Firm, 116 North Dewey St., North Platte, Nebraska. The parties shall be prepared to participate and negotiate a settlement of this case during the conference.

2. Ronnie F. Castle and Connie M. Goddard shall be in attendance at the settlement conference. Luke Goddard and G. Christopher Goddard shall also be present in person or available by telephone during the conference. In the event counsel for any party is aware of any circumstance which might cast doubt on a client's compliance with this paragraph, s/he shall immediately discuss the circumstance with opposing counsel to resolve it before the settlement conference, and, if such discussion does not resolve it, request a telephone conference with the court and counsel.

3. If a party fails to comply with paragraph (2) of this order, the settlement conference will be cancelled and costs, attorney fees, and sanctions may be imposed by the court against the non-complying party, counsel for that party, or both.

4. To avoid unnecessarily incurring travel and other expenses if the settlement conference is canceled or postponed, any request for a conference to discuss cancellation or postponement must be made on or before June 1, 2017.

5. Counsel shall update the court as to the status of any settlement negotiation history by email to zwart@ned.uscourts.gov no later than June 7, 2017.

6. Notwithstanding the provisions of Rule 408, Fed. R. Evid., all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference shall be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle. This provision does not preclude admissibility in other contexts, such as pursuing a motion for sanctions regarding the settlement conference.

May 16, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge