IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONNIE M. GODDARD; LUKE GODDARD; and G. CHRISTOPHER GODDARD, <br><br> Plaintiffs, <br><br> vs. <br><br> RONNIE F. CASTLE, <br><br> Defendant. | 7:14-CV-5004 <br><br> ORDER |

This matter is before the Court on the defendant's motion for costs and attorneys' fees (filing 83) and motion for the disgorgement of corporate funds (filing 90). Those motions will be denied.

The underlying dispute concerned the ownership, control and operation of a family farm corporation in Deuel County, Nebraska. *See* filing 30. The parties settled that dispute in June or July 2017, and the Court entered judgment on September 28. Filing 87. Then, on October 20, the defendant filed a "Rule 54 Motion" for the disgorgement of corporate funds, seeking damages of "not less than $60,000." *See* filing 90 at 3. That motion is premised on allegations that the plaintiffs used corporate funds to pay for personal legal services.

But Fed. R. Civ. P. 54 does not provide the requested relief. Indeed, the rule allows for the recovery of litigation costs by the prevailing party, not—as the defendant suggests here—additional damages based on newly asserted claims. Thus, to the extent that the defendant argues that the alleged conduct violates the settlement agreement, he may move for an order of contempt under the Court's September 28 order. Similarly, if he believes that

a statutory or common law violation has occurred, he may pursue a civil remedy *in a court of competent jurisdiction*. But he may not, as he has done here, style a grievance that has nothing to do with litigation costs as a "Rule 54 Motion." That motion will be denied.

The defendant, in a separately filed motion, seeks costs and attorneys' fees under 28 U.S.C. § 1927. Filing 83. He is entitled to such fees, the defendant contends, because the plaintiffs "harassed" him by "agree[ing] to terms regarding settlement, then refusing to abide by those terms at two separate settlement conferences." Filing 84 at 3. And, he says, the plaintiffs backed out of a June settlement conference last minute, causing him to incur "significant travel time and expenses for no reason." Filing 84 at 2.

"A court may require counsel to satisfy personally attorneys' fees reasonably incurred by an opposing party when counsel's conduct 'multiplies the proceedings in any case unreasonably and vexatiously.'" *Clark v. United Parcel Service, Inc.*, 460 F.3d 1004, 1011 (8th Cir. 2006) (quoting § 1927). The statute permits sanctions when an *attorney's* conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court. *Id.* As with sanctions under Rule 11, the Court must provide an attorney with fair notice and an opportunity to be heard before ordering the reimbursement of fees. *Id.*

The defendant's motion fails for two reasons. First, § 1927 regulates attorneys, not parties, and there is nothing to suggest that plaintiffs' counsel in any way "multiplie[d] the proceedings" in this case. Second, even assuming the statute applied, the defendant has put forward no evidence to support the requested relief. Rather, the defendant merely alleges that the plaintiffs' actions "serve[d] no purpose but to harass Ron Castle." Filing 84 at 3. As discussed above, such bare-boned allegations are insufficient to warrant

sanctions under § 1927. *See Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999). Accordingly, the defendant's motion for costs and attorneys' fees will be denied.

IT IS ORDERED:

1. The defendant's motion for costs and attorneys' fees (filing 83) is denied.

2. The defendant's motion for disgorgement of corporate funds (filing 90) is denied.

Dated this 30th day of October, 2017.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge